UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEFFREY E. VEASLEY, | ) | |
| Plaintiff, | ) ) | |
| | ) | 3:11-cv-00171-RCJ-VPC |
| vs. | ) ) | |
| WORLD SAVINGS BANK FSB et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing eleven causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and is not eligible for transfer, as MERS is not listed on the deed of trust ("DOT"). A motion to dismiss and expunge the lis pendens is pending before the Court. For the reasons given herein, the Court grants the motion in part.

**I.    THE PROPERTY**

Jeffrey E. Veasley gave lender World Savings Bank, FSB ("WSB") a $130,000 promissory note to purchase property at 1250 and 1252[1] E. 11th St., Reno, NV 89512 (the "Property"). (*See* DOT 1–2, Apr. 19, 2007, ECF No. 9-1, at 4). The trustee was Golden West

---

[1] A Google Maps search indicates that the Property is a duplex, which accounts for the two addresses for the single property. It is not clear whether Plaintiff himself lives in one of the units.

1 Savings Association Service Co. ("Golden West"). (*See id.* 2). National Default Servicing Corp.
2 ("NDSC") filed the Notice of Default ("NOD") based on a default of $9090.21 as of February
3 10, 2010. (*See* NOD 1–2, Feb. 10, 2010, ECF No. 90-1, at 30). Wells Fargo Bank, N.A. ("Wells
4 Fargo") substituted NDSC as trustee on March 11, 2010. (*See* Substitution, Mar. 11, 2010, ECF
5 No. 19-1). NDSC noticed a trustee's sale for November 16, 2010. (*See* Notice of Trustee's Sale
6 ("NOS"), Oct. 21, 2010, ECF No. 9-1, at 34). Wells Fargo purchased the Property at the
7 trustee's sale. (*See* Trustee's Deed, Dec. 27, 2010, ECF No. 9-1, at 39).

## II. ANALYSIS

There is no indication that Wells Fargo had the ability to substitute NDSC as trustee in March 2010. The record indicates that Wells Fargo was not the beneficiary until it purchased the Property at the trustee's sale in December 2010. Nor is there other evidence of NDSC's agency apart from it's own statement on the NOD that is was the agent of Wachovia Mortgage, FSB ("Wachovia"), the successor-in-interest to lender WSB. By all indications, Wachovia still held the beneficial interest when Wells Fargo purported to substitute NDSC as trustee. The affirmative claims fail for reasons given in substantively identical cases, but the foreclosure may have been statutorily improper.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss and to Expunge Lis Pendens (ECF No. 8) is GRANTED in part and DENIED in part. All claims are dismissed except that for statutorily defective foreclosure under section 107.080(2)(c), and the lis pendens is not expunged.

IT IS FURTHER ORDERED that Defendants will not sell the Property for one-hundred (100) days. During this period, Plaintiff will make full, regular monthly payments under the note every thirty (30) days, **with the first payment being due ten (10) days after the date of this order**. The amount of each payment will be according to the monthly payment as of the date of

1  the NOD.  **Payments will be made either to the current servicer or deposited with the Clerk**.

2  Failure to make interim payments during the injunction period will result in dissolution of the

3  injunction.  Plaintiff need not pay late fees or cure the entire amount of past default at this time.

4      IT IS FURTHER ORDERED that during the injunction period the parties will engage in

5  the state Foreclosure Mediation Program ("FMP"), if available.  If not available, Defendants will

6  conduct a private mediation with Plaintiff in good faith.  Although such private mediation need

7  not comport with all of the procedural and documentary requirements of the FMP, the

8  beneficiary must send a representative to the mediation with actual authority to modify the note,

9  and Plaintiff must provide debt, asset, and income data to Defendants in advance of the

10 mediation.

11     IT IS FURTHER ORDERED, for the benefit of any state court, that although the

12 pendency of this lawsuit may make title to the Property unmarketable, it does not prevent an

13 action by Defendants to eject any tenants in the Property or to collect rents from such tenants,

14 unless and until the Court finally adjudicates the present case in favor of Plaintiff.

15     IT IS SO ORDERED.

16 Dated this 24th day of August, 2011.

17

18                                 ROBERT C. JONES
                                United States District Judge